PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| CAROLYN VALENTINE, CPA, | ) | |
| | ) | CASE NO.  5:20CV1405 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| HEALTH AND WELLNESS LIFESTYLE | ) | |
| CLUBS, LLC, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | [Resolving ECF Nos. 43, 44, 58, and 62] |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| H. BECK, INC., | ) | |
| | ) | CASE NO.  5:20CV1413 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| HEALTH AND WELLNESS LIFESTYLE | ) | |
| CLUB, LLC, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | [Resolving ECF Nos. 73, 77, 79, and 82] |


Pending in No. 5:20CV1405 are:

Plaintiff Carolyn Valentine, CPA's ("Valentine") Motion for Judgment on the Pleadings
(ECF No. 43) on the Counterclaims;

Defendant Health and Wellness Lifestyle Clubs, LLC's ("HWLC") Motion to Stay (ECF
No. 44);

HWLC's Motion for Clarification (ECF No. 58); and,

HWLC's Request for a Stay (ECF No. 62).

(5:20CV1405 and 5:20CV1413)

Pending in No. 5:20CV1413 are:

> HWLC's Motion for Clarification (ECF No. 73);

> Plaintiff  H. Beck, Inc.'s ("H. Beck") Motion to Dismiss the Counterclaims (ECF No. 77);

> HWLC's Request for a Stay (ECF No. 79); and,

> H. Beck's Unopposed Motion to Change the Style of No. 5:20CV1413 (ECF No. 82).

## I.  Background

On April 5, 2020, HWLC filed a Statement of Claim with the Financial Industry Regulatory Authority ("FINRA") in *Health and Wellness Lifestyle Club, LLC v. Carolyn Valentine, CPA, et al.*, FINRA Case No. 20-01120 (the "FINRA Arbitration") asserting claims against Valentine and H. Beck.  On May 4, 2020, HWLC filed a First Amended Statement of Claim (herein "FAC") in the FINRA Arbitration (ECF No. 1-7 in 5:20CV1405).  The FAC alleges violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b–5, 17 C.F.R. § 240.10b–5.

In June 2020, the above-entitled actions were filed in the Northern District of Ohio. Thereafter, HWLC filed Counterclaims (ECF No. 19 in No. 5:20CV1405 and ECF No. 34 in No. 5:20CV1413).  These cases have since been consolidated.  *See* Order (ECF No. 63 in No. 5:20CV1405 and ECF No. 81 in No. 5:20CV1413).  The Court previously denied Valentine's and H. Beck's Motions for Preliminary Injunction.  *See* Findings of Fact and Conclusions of Law (ECF No. 60 in No. 5:20CV1405 and ECF No. 76 in No. 5:20CV1413).  Only Valentine

2

(5:20CV1405 and 5:20CV1413)

appealed the denial to the Court of Appeals for the Sixth Circuit. *See Valentine v. Health and Wellness Lifestyle*, No. 20-4341 (6th Cir. filed Dec. 31, 2020).[1]

## II. Analysis

### A. H. Beck's Unopposed Motion to Change the Style of No. 5:20CV1413 (ECF No. 82)

H. Beck's name changed to Grove Point Investments, LLC, effective April 1, 2021. For good cause shown, the motion is granted. Accordingly, the record, including the docket sheet in No. 5:20CV1413, is changed to reflect that "*Grove Point Investments, LLC v. Health and Wellness Lifestyle Clubs, LLC*" is the name of this litigation, in lieu of "*H. Beck, Inc. v. Health and Wellness Lifestyle Club, LLC*." The Court will, however, refer to this Plaintiff herein as H. Beck.

---

[1] Generally, the timely filing of a notice of appeal confers jurisdiction in the court of appeals and "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam); *Taylor v. KeyCorp*, 680 F.3d 609, 616 (6th Cir. 2012) (same); *United States v. Holloway*, 740 F.2d 1373, 1382 (6th Cir. 1984) ("It is well settled that the filing of the notice of appeal . . . deprives the district court of jurisdiction to act in matters involving the merits of the appeal."). "[A]fter appeal the trial court may, if the purposes of Justice require, preserve the status quo until decision by the appellate court" *Newton v. Consol. Gas Co. of New York*, 258 U.S. 165, 177 (1922). A district court also retains jurisdiction to adjudicate matters unrelated to the issues on appeal. *Weaver v. Univ. of Cincinnati*, 970 F.2d 1523, 1528-29 (6th Cir. 1992) (holding that "an appeal from an interlocutory order does not divest the trial court of jurisdiction to continue deciding other issues involved in the case").

3

(5:20CV1405 and 5:20CV1413)

>    **B.**    **HWLC's Request for a Stay (ECF No. 62 in No. 5:20CV1405 and ECF No. 79 in No. 5:20CV1413)**

HWLC filed its Request for a Stay in the same documents as its Memoranda in Opposition.[2]  Valentine has not opposed the request for a stay.  For the reasons that follow, the Court finds that a stay of these consolidated cases is warranted.

" '[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants,' and the entry of such an order ordinarily rests with the sound discretion of the District Court."  *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. Of Ohio*, 565 F.2d 393, 396 (6th Cir. 1977) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).

> Pursuant to the Federal Arbitration Act ("FAA"),
>
> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, *shall on application of one of the parties stay the trial of the action until such arbitration has been had* in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3 (emphasis added); *see also Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 392 (6th Cir. 2003) (a court should stay the proceedings pending the outcome of arbitration).  The Supreme Court has stated that by ratifying the FAA, "Congress declared a national policy favoring

---

    [2]  H. Beck is correct that it is unacceptable motion practice to combine a memorandum in opposition with a separate request/motion.  *See Krlich v. Taafe*, No. 4:17CV0379, 2019 WL 1671014, at *5 n. 4 (N.D. Ohio April 17, 2019) (Pearson, J.).

(5:20CV1405 and 5:20CV1413)

arbitration." *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984).  Courts have discretion to stay claims against non-signatories pending the outcome of arbitration between the parties to an arbitration agreement.  *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 n. 23 (1983); *see also Patnik v. Citicorp Bank Tr. FSB*, 412 F. Supp.2d 753, 762 (N.D. Ohio 2005) (Gaughan, J.) (a stay may be appropriate if "a lawsuit against a nonsignatory [to an arbitration agreement] depends upon the same facts and is inherently inseparable from the arbitrable claims").

The result of the separate arbitration proceeding currently underway before the FINRA will likely narrow if not eliminate some or all of the issues before the Court.  *See Wells Fargo Clearing Services, LLC v. Foster*, No. 3:18-cv-00032-MMD-VPC, 2018 WL 1746307, at *3 (D. Nev. April 11, 2018) (holding that a stay was warranted when a FINRA arbitration "will likely narrow if not eliminate the issues before this Court"); *Gordon v. Royal Palm Real Estate Investment Fund I, LLLP*, No. 2:09-cv-11770, slip op. at 17 (E.D. Mich. March 8, 2011) (finding a stay would be appropriate because common factual questions existed between the litigation and the FINRA arbitration that arguably could resolve some of the contested issues in the case).  The FINRA arbitration procedure is less costly, preserves limited judicial resources, and serves the interest of both parties and the public.  The Court therefore finds that a stay of these consolidated cases in their entirety is warranted.  *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Middleton*, No.: 3:17-cv-1259-J-20JRK, 2018 WL 3625784, at *5 (M.D. Fla. Feb. 7, 2018) (administratively staying case pending the FINRA arbitration proceedings).

(5:20CV1405 and 5:20CV1413)

### III.  Conclusion

H. Beck's Unopposed Motion to Change the Style of No. 5:20CV1413 (ECF No. 82) is granted.  The record, including the docket sheet in No. 5:20CV1413, is changed to reflect that "*Grove Point Investments, LLC v. Health and Wellness Lifestyle Clubs, LLC*" is the name of this litigation.

HWLC's Request for a Stay (ECF No. 62 in No. 5:20CV1405 and ECF No. 79 in No. 5:20CV1413) of the proceedings in these consolidated cases is granted.  Within fourteen days of completion of the arbitration proceedings, the parties shall file a Joint Status Report informing the Court of the FINRA Award and the effect of the arbitration upon the claims in the cases. These consolidated cases are administratively closed, subject to reopening upon written motion. No claims or defenses are waived as a result of the stay.  A written motion to reopen, preferably joint, shall set forth a proposed schedule for the cases going forward.

Given the stay and administrative closing of these consolidated cases, the following motions are denied without prejudice and may be resubmitted if the cases are reopened:

Valentine's Motion for Judgment on the Pleadings (ECF No. 43) on the Counterclaims in No. 5:20CV1405;

HWLC's Motion to Stay (ECF No. 44) in No. 5:20CV1405;

HWLC's Motion for Clarification (ECF No. 58 in No. 5:20CV1405 and ECF No. 73 in No. 5:20CV1413); and,

H. Beck's Motion to Dismiss the Counterclaims (ECF No. 77) in No. 5:20CV1413.

(5:20CV1405 and 5:20CV1413)

       The Clerk of Court shall docket the within Order in both Nos. 5:20CV1405 and 5:20CV1413.


       IT IS SO ORDERED.


 September 16, 2021                                            /s/ Benita Y. Pearson          
Date                                                  Benita Y. Pearson
                                              United States District Judge